**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Connie L. Virnig,

Plaintiff,

v.

Genmar Holdings, Inc. d/b/a/
Larson/Glastron Boats, Inc.,

Defendants.

Civil File No. 02-397 JMR/RLE

**STIPULATED PROTECTIVE ORDER**

---

The parties, by and through their respective counsel of record, hereby stipulate and agree to the following proposed Protective Order.

1. This Order shall govern the designation and handling of non-public, CONFIDENTIAL, commercial, trade secret, financial and/or personnel information produced during discovery in this litigation, including, without limitation, testimony at depositions upon oral examination or upon written questions pursuant to Federal Rules of Civil Procedure 30 and 31, answers to interrogatories pursuant to Rule 33, documents produced pursuant to Rules 33(d) and 34, information obtained from inspection of premises or tangible objects pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36. This Order shall also govern the handling of all other documents produced during formal discovery in this litigation.

2. This Order shall govern the handling of documents and the information they contain prior to trial, and shall govern the handling after trial of documents and information that do not become part of the record at trial. With respect to documents or information to be used at trial, the parties shall meet and confer after the Pretrial



FILED MAY 23 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Conference (a) to reach an agreement as to the confidentiality of information to be used at trial and (b) to designate documents as trial exhibits.

3. All CONFIDENTIAL documents, as defined herein, produced in this litigation, whether by parties or non-parties, shall be used solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or any business, competitive or governmental purpose or function.

4.1 Any person (including parties not named in this action) who produces documents or information in discovery in this litigation may designate material produced as CONFIDENTIAL pursuant to this Protective Order. All CONFIDENTIAL designations must be based on the good faith belief that the information constitutes (a) proprietary or sensitive business, personal or financial information or (b) information subject to a legally protected right of privacy. Such document must bear the legend "CONFIDENTIAL."

4.2 Any person wishing to designate as CONFIDENTIAL any documents produced or disclosed to any party in this action by any other person may do so, within 30 days of production of such documents to the person seeking CONFIDENTIAL treatment, by producing to all parties a copy of the documents bearing the legend CONFIDENTIAL. All parties receiving documents designated in this manner shall take prompt steps to ensure that all previously produced copies are replaced with the version bearing the CONFIDENTIAL legend.

4.3 A document mistakenly produced or disclosed without a CONFIDENTIAL designation after the entry of this Order may be subsequently

designated by the producing person as CONFIDENTIAL pursuant to the terms of § 4.1. In each such case, the designating person shall provide to all other parties written notice of that designation and a copy of the document marked in accordance with § 4.1. All parties receiving documents designated in this manner shall take prompt steps to ensure that all previously produced copies are replaced with the version bearing the CONFIDENTIAL legend. No person shall be liable for publicly disclosing a document marked CONFIDENTIAL pursuant to this paragraph if that disclosure occurred prior to receipt of such written notice.

5. Any party wishing to designate as CONFIDENTIAL deposition testimony or documents submitted as exhibits to a deposition may do so on the record during the deposition, or within 30 days after receipt of the deposition transcript and exhibits by providing written notice of the designation to the parties and any other affected person. The party making the designation shall be responsible for assuring those portions of the deposition transcript and exhibits designated as CONFIDENTIAL are appropriately bound by the reporter. The parties should avoid designating entire transcripts as CONFIDENTIAL where only a portion thereof or the exhibits used therewith qualify for protection under § 4.1; to the extent reasonably practicable, only such portions or exhibits should be designated.

6. If any party files with the Court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, appending, summarizing, excerpting or otherwise embodying CONFIDENTIAL material, such paper shall be filed in a sealed envelope or other container marked on the outside with the caption of this action and the following statement: "CONFIDENTIAL – SUBJECT TO COURT ORDER." If the

filing party fails to file such material under seal, the producing party, or any other party claiming confidentiality, may immediately, and with full cooperation of the filing party, move the Court to seal such materials.

7.1 Except as set forth herein or in any subsequent order of the Court, no CONFIDENTIAL material shall be delivered, exhibited or disclosed to persons other than named plaintiff and the named defendants in this case, employees of the named defendants assisting in this case, counsel from the law firms of Warner Law Office and Dorsey & Whitney LLP, who represent the named parties in this case, any paralegal, stenographer, clerical or other employee of such counsel assisting in the prosecution or defense of this litigation, the Court, or any court personnel, including the court reporter.

7.2 In addition, CONFIDENTIAL material may be delivered, exhibited or disclosed to the following persons:

A. Any expert or consultant utilized by counsel to assist in the preparation of this case, or to testify at trial or any other proceeding in this action;

B. Any actual or potential witness, provided that the CONFIDENTIAL material was created by, or concerns, that witness;

C. Any person testifying at a deposition or trial and their counsel of record, but only to the extent that such counsel believes in good faith that disclosure is necessary in connection with the examination or preparation of such witness; and

D. Any person identified as having authored or previously received the material.

8. The parties' counsel shall require all persons listed in paragraph 7.2, before being given access to CONFIDENTIAL information, to read and agree to be bound by this Order by endorsing the following certification on a copy of this Order, which shall be retained by counsel and provided to all counsel upon request:

> I certify that I have received and read a copy of the Protective Order in *Connie L. Virnig vs. Genmar Holdings, Inc., d/b/a Larson/Glastron Boats, Inc.* (Civil File No. 02-397 JMR/RLE), venued in the United States District Court for the District of Minnesota.
>
> I agree to be bound by it and I understand that I may be subject to contempt proceedings in the Federal District Court if I violate it. I further understand that information designated as CONFIDENTIAL in this case, and any notes, memoranda, or other form of information derived from it, may not be used, copied or disclosed by me to anyone else except in strict accordance with the Protective Order and then only for the prosecution and defense of this litigation.

9. Any party may object to the CONFIDENTIAL designation of any document. If a party does so, it must do so in writing to counsel and request a meeting to attempt to resolve the dispute. If the dispute is not resolved through this meet and confer process, then no later than ten (10) business days after a written statement by one party or the other that no resolution of the dispute is possible is received by the other party, the party objecting to the CONFIDENTIAL designation may move for appropriate relief. In the event that a large number of documents or materials are in dispute, then the parties shall agree upon a reasonable amount of time during which any party may move the Court for appropriate relief, not to exceed twenty-five (25) calendar days after a written statement by one party or the other that no resolution of the dispute is possible is received by the other party. Any disputed documents or other material shall be treated as CONFIDENTIAL under this Protective Order until the Court rules otherwise.

10. A failure to challenge the propriety of a designation of confidentiality at the time the designation is made shall not preclude or detract from a subsequent challenge thereto.

11. All materials containing CONFIDENTIAL information (as so designated by a party) that are submitted to the Court or used in any pretrial proceeding before this Court shall remain CONFIDENTIAL and shall be accorded *in camera* treatment.

12. After the completion of all proceedings in this action, including the expiration of all rights to appellate review, all material designated CONFIDENTIAL shall be tendered back to the person who produced it, or destroyed, at the producing party's option. The recipient shall certify in writing that all such material has been returned or destroyed. The parties are not required to return or destroy any pleadings, discovery requests or documents filed with the Court (except documents designated as CONFIDENTIAL and attached thereto). However, counsel may keep a list or summary of said documents for file maintenance purposes. The provisions of this Order restricting the dissemination, exhibition, or other use of CONFIDENTIAL material shall continue to be binding on any person subject to the terms of this Order after the conclusion of this action.

13. Nothing in this Protective Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its CONFIDENTIAL information to any person. Such disclosures shall not affect any CONFIDENTIAL designation made pursuant to the terms of this Protective Order, subject to § 9, *supra*.

14. The Court retains jurisdiction, both before and after the entry of final judgment in this case (whether by settlement or litigation) to construe, enforce and amend the provisions of this Order. The treatment of confidential information to be introduced

at trial shall be the subject of a later Order and after counsel have conferred per § 2, *supra*.

15. The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation.

16. The agreement of the parties embodied in this Order does not constitute an admission or agreement that any document or information is subject to discovery, or is admissible as evidence, in this case. Designation of any information as subject to this Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of any party hereto.

**STIPULATED AND AGREED:**

DATED: May 21, 2002

WARNER LAW OFFICE

By ____________________
Daniel E. Warner
3445 Washington Drive, Suite 204
Eagan, MN 55122-1340
Telephone: (651) 452-8224
Attorneys for Connie L. Virnig

DATED: ____________________

DORSEY & WHITNEY LLP

By ____________________
Holly S.A. Eng, Esq. (238028)
Judith Williams-Killackey (280227)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Attorneys for Defendants Genmar Holdings, Inc., and Larson/Glastron Boats, Inc.

**ORDER**

The Court having reviewed the files and records herein,

**IT IS HEREBY ORDERED** that the foregoing Protective Order be and hereby is **ENTERED**.

DATED this 23 day of May, 2002.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.